UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Charley, # 265146, <br> a/k/a Timothy L. Charley, <br><br> Plaintiff, <br><br> vs. <br><br> Orangeburg County Sheriff Department, and <br> Captain Rene Williams, <br><br> Defendants. <br> _____ | C/A No. 5:11-51-CMC-KFM <br><br><br><br><br> **Report and Recommendation** |

This is a civil action filed *pro se* by a state prisoner.[1] Plaintiff is currently incarcerated at the Evans Correctional Institution in Bennettsville, South Carolina. He is serving a 15-year sentence on an armed robbery conviction entered on a guilty plea in Orangeburg County in 2004. In the Complaint filed in this case, Plaintiff asserts false arrest/imprisonment, obstruction of justice, malicious prosecution, and unreasonable search and seizure in connection with the conviction on which he is currently incarcerated. He claims that he was initially arrested without a warrant and subjected to an improper search of his home and an improper "show up" at the scene of the robbery. He also claims that the arrest warrant that was ultimately obtained against him, following his being taken to the scene of the robbery, was based on false information and issued without probable cause.

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

He seeks $ 7 million in damages from the law enforcement official who apparently arrested him and from the Orangeburg County Sheriff's Department, which is the officer's employer.

It appears from this Court's records that Plaintiff has already pursued an unsuccessful Post-Conviction Relief Application ("PCR") in Orangeburg state court because that was the subject matter of a prior case filed by Plaintiff in this Court.  *See* Charley v. Office of Atty. Gen., Civil Action No. 6:10-1204-CMC; *see also Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).  As a result, as to the date of this report, it appears that Plaintiff has been unsuccessful in overturning his armed robbery conviction through any other court process since he is still in prison.

## Pro Se Review

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir.

1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1997). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[2] the Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

3

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.[3]

*Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases. *Wallace v. Kato*, 549 U.S. 384 (2007). However, since this case involves an already completed criminal trial and complaints about how it was conducted, *Wallace* is inapplicable and *Heck* controls. The limitations period for such a post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction is set aside; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See id.*; *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994). Since Plaintiff has not been successful in having his 2004 Orangeburg County conviction set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations of wrongdoing in connection with his arrest and the issuance of the warrant, if true, would necessarily invalidate his conviction, he cannot sue either of the Defendants based on their involvement in his prosecution and ultimate conviction.

Furthermore, even if *Heck* did not bar this case against both Defendants, it is clear that one of the Defendants, the Orangeburg County Sheriff's Office, would still have to be dismissed from the case because of Eleventh Amendment immunity from the damages

---

[3] *But see Wilson v. Johnson*, 535 F.3d 262, 268 (4th Cir. 2008) (Former prisoner's § 1983 claim alleging that his prior imprisonment was wrongful, filed after his sentence expired but before he was able to complete post-conviction relief process, was cognizable; prisoner not eligible for habeas relief since sentence had expired; he would be left without access to contest allegedly wrongful imprisonment if his § 1983 claim was barred.).

4

claim. The Sheriff of Orangeburg County cannot be sued in his official capacity. The State of South Carolina and its governmental agencies are immune from suit in this Court under the Eleventh Amendment to the United States Constitution. *See, e.g.*, *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999).

The United States Court of Appeals for the Fourth Circuit has considered the role of sheriffs in the state of South Carolina, and has specifically determined that, in their official capacities, South Carolina's sheriffs are immune from federal lawsuits seeking damages and/or retrospective injunctive relief because they are agents of the government of South Carolina. *See Cromer v. Brown*, 88 F.3d 1315 (4th Cir. 1996)(South Carolina sheriffs are arms of the state and entitled to Eleventh Amendment immunity from a claims for damages in their official capacity); *Drake v. Ham*, No. 3:06-1611-MJP, 2007 WL 2580629, at *5 (D.S.C. August 16, 2007)(same). As a matter of law, Plaintiff may not proceed against the Sheriff of Orangeburg County or his "office" on the allegations set forth in this action.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

January 27, 2011                                s/Kevin F. McDonald
Greenville, South Carolina                      United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 E. Washington Street, Rm. 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).